TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery Section
ANNIE AYRAPETYAN (Cal. Bar No. 238605)
Assistant United States Attorney
    312 North Spring Street
    Los Angeles, CA 90012
    Telephone: (213) 894-3111
    E-mail: annie.ayrapetyan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MANUEL J. BOJORQUEZ,<br><br>Defendant. | No.  SACV 26-0862<br><br>**UNITED STATES OF AMERICA'S APPLICATION FOR ISSUANCE OF WRITS OF CONTINUING GARNISHMENT AS TO GARNISHEES:**<br><br>**(1) WELLS FARGO BANK, N.A.;**<br><br>**(2) BANK OF AMERICA, N.A.;**<br><br>**(3) CAPITAL ONE, N.A.;**<br><br>**(4) AMERICAN EXPRESS NATIONAL BANK (Deposit Accounts and Membership Rewards Points);**<br><br>**(5) NATIONWIDE RETIREMENT SOLUTIONS;**<br><br>*[List continued on next page]* |

**(6) COMPUTERSHARE TRUST COMPANY, N.A.;**

**(7) RIVER FINANCIAL INC.**

**[28 U.S.C. § 3205(b)]**

**and**

**CLERK'S NOTICE OF ENFORCEMENT TO DEBTOR.**

**[28 U.S.C. § 3202(b)]**

The United States of America, in accordance with 28 U.S.C. § 3205(b)(1), applies for a Court order issuing writs of continuing garnishment to secure payment on the criminal judgment debt entered in *United States v. Manuel J. Bojorquez*, 1:18-cr-00304-JMS-TAB (S.D. Ind.). On or about June 2, 2022, pursuant to 18 U.S.C. § 3605, jurisdiction over Defendant's probation was transferred to the United States District Court for the Central District of California, which accepted jurisdiction and assigned a new case number, *United States v. Manuel J. Bojorquez*, 8:22-cr-00072-FWS (C.D. Cal.), ECF No. 1.  The United States also seeks issuance of a Clerk's Notice pursuant to 28 U.S.C. § 3202(b), as attached to this application.

The United States seeks to enforce Defendant's criminal monetary obligations pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001–3308, and 18 U.S.C. § 3613, which authorizes the United States to enforce a judgment imposing fines or restitution against all property or rights to property of the defendant. The FDCPA provides that a court may issue a writ of continuing garnishment against property in which the debtor has a substantial nonexempt interest and that is in the possession, custody, or control of a third party. *See* 28 U.S.C. § 3205(a)-(b).

//

//

2

## I.      The Criminal Judgment

On March 30, 2022, the United States District Court of Southern District of Indiana imposed the following criminal monetary penalties against defendant Manuel J. Bojorquez ("Defendant"):

- ▪ Restitution: $3,387,048.00; and
- ▪ Special assessment: $200.00.  *See* Exhibit 1.

The court waived the accrual of interest on restitution.

Defendant's Social Security Number is ***-**-9646, and Defendant's last known address is in Yorba Linda, California.

## II.     Outstanding Balance and Demand for Payment

As of April 2, 2026, the balance of Defendant's criminal debt was $3,171,155.09. Demand for payment of this debt was made upon Defendant more than thirty (30) days before the date of this application, and Defendant has not paid the amount due.

## III.    Garnishees

Garnishees Wells Fargo Bank, N.A.; Bank of America, N.A.; Capital One, N.A.; American Express National Bank; Nationwide Retirement Solutions; Computershare Trust Company, N.A.; and River Financial Inc. ("Garnishees") are believed to be in possession, custody, or control of money or property in which Defendant has a substantial nonexempt interest. Through these writs of continuing garnishment, the United States seeks to obtain such property and apply it toward Defendant's outstanding criminal monetary obligations. *See* 28 U.S.C. § 3205(b)(1)(C). The United States believes the following categories of property subject to garnishment are held by Garnishees:

1. **Wells Fargo Bank, N.A.**
2. **Bank of America, N.A.**
3. **Capital One, N.A.**
4. **American Express National Bank** (Deposit accounts and accrued and redeemable Membership Rewards points or similar benefits, including any

rewards, statement credits, or other intangible property and any proceeds or cash equivalents thereof, associated with any credit or charge accounts of Defendant.)

5. **Nationwide Retirement Solutions**

6. **Computershare Trust Company, N.A.** (Stocks, securities, certificated or uncertificated shares, dividends, distributions, or other financial interests held for Defendant's benefit, including any proceeds, liquidation value, or cash balances associated therewith.)

7. **River Financial Inc.** (Cryptocurrency, virtual currency, digital assets, account balances (including fiat currency), proceeds, or other property or rights to payment held, maintained, or controlled for the benefit of Defendant, whether held individually, jointly, or in the name of Defendant's spouse.)

### IV.    Community Property Interests – River Financial, Inc.

Under the FDCPA, the United States may garnish property in which the debtor has a substantial nonexempt interest. 28 U.S.C. § 3205(a). If any of the above assets are held jointly with, or in the name of, Defendant's spouse, such property is subject to garnishment to the extent it constitutes community property, because Defendant has a substantial nonexempt interest therein. *Id*. Under California law, community property is liable for a debt incurred by either spouse before or during marriage. *See* Cal. Fam. Code § 910(a). Federal courts applying the FDCPA have likewise recognized that the United States may reach a defendant's spouse's interest in community property to satisfy a criminal judgment. *See United States v. Berger*, 574 F.3d 1202, 1204–05 (9th Cir. 2009).

Such property includes, but is not limited to, accounts or digital asset holdings maintained by Garnishees in the name of Defendant's spouse or jointly with Defendant, including, by way of example, accounts held at cryptocurrency brokerages such as River Financial Inc., to the extent such assets constitute community property or otherwise reflect a substantial nonexempt interest of Defendant.

/ /

4

**V.      Intangible Property - American Express National Bank** *(Membership Rewards Points)*

With respect to accounts maintained by American Express National Bank, accrued and redeemable Membership Rewards points constitute intangible property or a contractual right belonging to Defendant. Such rewards are earned through Defendant's account activity and are presently redeemable for cash equivalents, statement credits, travel, or other items of value.

The FDCPA defines "property" broadly to include any present or future interest, whether legal or equitable, including intangible rights (vested or contingent). *See* 28 U.S.C. § 3002(12). In addition, 18 U.S.C. § 3613 authorizes enforcement against all property or rights to property of the defendant. Because Defendant has a present, vested interest in rewards points that are currently accrued and redeemable, those points constitute nonexempt property subject to garnishment.

**VI.     GARNISHEE ADDRESSES FOR SERVICE**

The name and address of each Garnishee or the Garnishee's authorized agent is:

**Wells Fargo Bank, N.A.**
2710 Gateway Oaks Dr., Suite 150N
Sacramento, CA 95833

**Bank of America, N.A.**
Legal Order and Case Resolution Operations
800 Samoset Dr.
Newark, DE 19713

**Capital One, N.A.**
Capital One Legal Document Portal
https://legalportal.capitalone.com/

**American Express National Bank**
Garnishment Levy Unit
c/o C T Corporation System
330 North Brand Blvd.
Suite 700
Glendale, CA 91203

/ /

5

**Nationwide Retirement Solutions**
Attn: Legal Department
P.O. Box 182797
Columbus, OH 43218-2797

**Computershare Trust Company, N.A.**
c/o United Agent Group Inc. [C2250455]
7801 Folsom Boulevard, #202
Sacramento, CA 95826

**River Financial Inc.**
Email: subpoenas@river.com

DATED:  April 9, 2026.                    Respectfully submitted,

                                          TODD BLANCHE
                                          Acting Attorney General
                                          BILAL A. ESSAYLI
                                          First Assistant United States Attorney
                                          ALEXANDER B. SCHWAB
                                          Assistant United States Attorney
                                          Acting Chief, Criminal Division

                                          */s/ Annie Ayrapetyan*
                                          ANNIE AYRAPETYAN
                                          Assistant United States Attorney

                                          Attorneys for Plaintiff
                                          UNITED STATES OF AMERICA